**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**THE COUNTY COMMISSION OF**
**FAYETTE COUNTY, WEST VIRGINIA,**

        **Plaintiff,**                    Civil Action No.___2:22-cv-449___

***Ex Rel.*: ANTHONY CILIBERTI, ESQ.,**
**Fayette County Prosecuting Attorney,**

        **Relator,**

**v.**

**GADSDEN, GAILLARD, AND WEST LLC,**
 **a South Carolina Limited Liability Company;**

**&**

**DENNIS EUGENE WEST,**
**an Individual & Resident of South Carolina,**

        **Defendants.**

## NOTICE OF REMOVAL

Defendants Gadsden, Gaillard, and West LLC ("GGW LLC") and Dennis Eugene West ("Mr. West"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, by counsel, hereby remove this action from the Circuit Court of Fayette County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, the judicial district in which this action is pending. Defendants set forth the grounds for removal as follows:

## BACKGROUND

1.     On October 5, 2022, Plaintiff commenced the above-captioned matter by filing its Complaint in the Circuit Court of Fayette County (the "Civil Investigation Complaint" and/or the

"Civil Investigation Case"). *See* **Exhibit A**, true and accurate copy of the Summons and the Civil Investigation Complaint filed by Plaintiff. Defendants hereby remove the Civil Investigation Case to this Court based upon the Court having supplemental jurisdiction over the claims in the Civil Investigation Case, pursuant to 28 U.S.C. § 1367, because all of Plaintiff's claims arise from the same common nucleus of operative fact as another civil action filed by the same plaintiff against the same defendants, and pending in the United States District Court for Southern District of West Virginia, before the Honorable Irene Berger, 2:22-cv-00441 (the "Abatement Ordinance Case").

2.      On September 15, 2022, Plaintiff commenced Abatement Ordinance Case against Defendants by filing its Complaint in the Circuit Court of Fayette County (the "Abatement Ordinance Complaint"). *See* **Exhibit B**, a true and accurate copy of the Summons and Abatement Ordinance Complaint.

3.      In the first-filed Abatement Ordinance Complaint, Plaintiff seeks damages for injury to, destruction of, or loss of natural resources alleged to be the result of public nuisance relating to an alleged incident where Mr. West purportedly wrecked a tractor trailer on August 24, 2022. *See* **Ex. B** at ¶¶ 2-4, 6.

4.      The tractor trailer alleged to be involved in the incident was owned and operated by GGW, LLC and driven by Mr. West. *See* **Ex. B** at ¶ 2.

5.      In the Abatement Ordinance Complaint, Plaintiff asserts that Defendants, as a result of the trailer tractor wreck, caused the release of a commercial chemical product, EMPIGEN® AS-F90, into the surrounding surface and subsurface soils, surface waters, surface water sediments and groundwater within the Paint Creek Watershed in both Fayette County and Kanawha County, West Virginia. *See* **Ex. B** at ¶ 4.

6.      Plaintiff asserts that the alleged release of EMPIGEN® AS-F90 by the Defendants constitutes prohibited open dumps, which are considered public nuisances under West Virginia and Fayette County law. *See* **Ex. B** at ¶¶ 22-27.

7.      On October 11, 2022, Defendants timely filed a Notice of Removal of the Abatement Ordinance Case with both this Court and the Circuit Court of Fayette County based on the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 because the Abatement Ordinance Case is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* Notice of Removal, *County Commission of Fayette County, West Virginia et al. v. Gadsden, Gaillard, and West LLC et al.*, No. 2:22-cv-00441, (S.D. W. Va. Oct. 11, 2022), ECF No. 1.

8.      On October 5, 2022, Plaintiff commenced the  Civil Investigation Case, which Defendants now remove to this Court, by filing Plaintiff's Complaint in the Circuit Court of Fayette County.  *See* **Exhibit C**, Docket Sheet from the Clerk of the Circuit Court of Fayette County, Civil Action No. CC-10-2022-C-111.

9.      Plaintiff served the Civil Investigation Complaint on Defendants, on October 5, 2022 via E-mail to Defendants' Counsel.[1]  *See* **Ex. A**, a true and accurate copy of the Summons and the Civil Investigation Complaint filed by Plaintiff; *See* **Exhibit D**, a true and accurate copy of the correspondence from Plaintiff's counsel proving the Civil Investigation Complaint.

10.      In the Civil Investigation Complaint, Plaintiff requests injunctive relief requiring Defendants to comply with that certain Civil Investigation Demand No. 2022-005-01, consisting of document and informational requests, issued by Plaintiff to Defendants requesting information regarding to the same alleged accident and chemical release that serve as the factual basis for the

---

[1] As discussed *infra*, by removing this action Defendants do not waive any applicable Fed. R. Civ. P. 12(b) defenses and reserve the right to assert the same in Defendants' responsive pleading.

damages requested in the Abatement Ordinance Complaint. *See* **Ex. A** at ¶¶ 1-11, 27-28; **Ex. B** at ¶¶ 1-12, 22-27; Civil Investigation Demand No. 2022-005-01 attached to the Civil Investigation Complaint as Exhibits 2A and 2B.

11.     The Civil Investigation Demand requests information and documents pertaining to:

- the organizational structure of GGW, LLC;

- financial disclosures for both Defendants, including balance sheets;

- the material hauled by Mr. West that caused the environmental damage alleged by Plaintiff;

- the Defendants' insurance coverage; and

- the circumstances related to the tractor trailer incident that cause the environmental damage alleged by Plaintiff;

12.     The factual allegations in the Civil Investigation Complaint and the Abatement Order Complaint are nearly identical. *See* **Ex. A** at ¶¶ 1-11, 27-28; **Ex. B** at ¶¶ 1-12, 22-27.

## BASIS FOR REMOVAL

13.     This Court has original jurisdiction over the removed Abatement Ordinance Case pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* **Ex. B**.

14.     This Court has supplemental jurisdiction over the claims in this civil action, the Civil Investigation Case, pursuant to 28 U.S.C. § 1367.

15.     This civil action may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. §§ 1367, 1441 and 1446 because all of Plaintiff's claims in the Civil

Investigation Case arise from the same common nucleus of operative fact as the Abatement Ordinance Case.

## SUPPLEMENTAL JURISDICTION

16.     Under 28 U.S.C. § 1367, district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within its original jurisdiction that they form part of the same case or controversy.

17.     Claims are considered a part of the same case or controversy if the claims derive from a common nucleus of operative fact. *Greiner v. Columbia Gas Transmission Corp.*, 41 F. Supp. 2d 625, 628 (S.D.W. Va. 1999).

18.     The factual allegations and claims in the Abatement Order Case and the Civil Investigation Case are derived from a common, if not the same, nucleus of operative fact: the alleged accident and chemical release purportedly cause by Defendants. *See* **Ex. A** at ¶¶ 1-11, 27-28; **Ex. B** at ¶¶ 1-12, 22-27**.**

19.     The fact that the Plaintiff brought these claims in two different lawsuits does not relinquish the court of supplemental jurisdiction over the Civil Investigation Case.[2] *See Greiner v. Columbia Gas Transmission Corp.*, 41 F. Supp. 2d 625, 627 (S.D.W. Va. 1999) (a defendant named in a state law negligence case was dismissed because of bankruptcy. The district court had supplemental jurisdiction over the state law negligence case because it was "related to" the separate federal bankruptcy case); *see also Alderman v. Pan Am World Airways*, 169 F.3d 99, 101 (2d Cir. 1999) (district court properly exercised supplemental jurisdiction over a contract dispute based on original jurisdiction over settled wrongful death action).

---

[2] Defendants will move to consolidate the Abatement Order Case and the Civil Investigation Case pursuant to Rule 42 of the Federal Rule of Civil Procedure if this Court retains jurisdiction of both cases.

20.     This Court, therefore, may exercise supplemental jurisdiction over Plaintiff's claims in the Civil Investigation Case.

21.     Combining the Plaintiff's claims in the Abatement Order Case and the Civil Investigation Case will also promote convenience, fairness, comity, and judicial economy because Plaintiff and Defendants will need to rely on the same facts, documents, evidence, and witnesses to litigate the claims. *See, e.g., Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In fact, the information requested in the Civil Investigation Demand is duplicative of the information which one would expect plaintiffs to request during discovery in the Abatement Order Case.

22.     Finally, none of the factors listed in 28 U.S.C. § 1367(c) are present in this case to abrogate supplemental jurisdiction—there are no novel or complex issues of state law, the claims in the Civil Investigation Case do not substantially predominate of the claims in the Abatement Order Case, no claims have been dismissed, and there are no compelling reasons for declining jurisdiction.

23.     Pursuant to L.R. Civ. P. 3.4, the docket sheet from the Circuit Court of Fayette County is attached as **Exhibit C**.

24.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendants are attached hereto as **Exhibit E**.

25.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court for Fayette County, West Virginia.  The Notice of Removal to Federal Court, excluding exhibits, is attached hereto as **Exhibit F**.

26.     This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). Indeed, this Notice of Removal is filed within 30 days of Defendants being served with the Complaint.

## CONSENT TO REMOVAL

27.     All Defendants consent to removal to the United States District Court for the Southern District of West Virginia, Charleston Division. *See* Notice of Consent to Removal, attached hereto as **Exhibit G**.

## NO WAIVER OF DEFENSES

28.     Defendants, by removing this matter, do not waive and hereby reserve the right to assert any and all applicable defenses under Fed. R. Civ. P. 12(b). *See Corbitt v. Air Prod. & Chemicals, Inc*., No. 6:07-CV-00200, 2007 WL 9718736, at *1 (S.D.W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943) ("Pending before the court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure* for insufficient service of process [Docket 4]. A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.")); *Miller v. Norfolk S. Ry. Co.,* No. CIV.A. 2:03-0514, 2006 WL 2192033, at *4 (S.D.W. Va. Aug. 1, 2006) ("[P]laintiffs oppose the motion to dismiss noting, without support, that NSRC, by filing its notice of removal, waived any challenge it may have had to the court's subject matter jurisdiction. This argument fails inasmuch as removal was proper and NSRC has the right to assert its defenses including challenges to subject matter jurisdiction. 14C Wright Miller & Cooper, Fed. Prac. & Proc. § 3738 (3d ed.1998) ("[t]he governing principle is that the defendant does not waive any defense by removing the case to federal court.")"); *Slone v. State Auto Prop. & Cas. Ins. Co*., No. 2:19-CV-00408, 2021 WL 190938, at *11 (S.D.W. Va. Jan. 19, 2021), *motion to certify appeal*

*denied,* No. 2:19-CV-00408, 2021 WL 687697 (S.D.W. Va. Feb. 22, 2021), and *appeal dismissed*, No. 21-1190, 2021 WL 7184361 (4th Cir. Oct. 14, 2021) (quoting *Corbitt v. Air Prods. and Chems., Inc.,* No. 6:07-cv-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.,* 319 U.S. 448, 451 (1943)) ("As to the waiver issue, Federal Rule of Civil Procedure 12(h)(1) provides for the waiver of a Rule 12(b)(5) defense under certain circumstances, including when the defense is not raised in a motion prior to the filing of a responsive pleading or in a responsive pleading. However, as this court has observed, '[a] party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'")).

      **WHEREFORE**, based upon the foregoing, Defendants Gadsden, Gaillard, and West LLC and Dennis Eugene West, request that this Court assume full jurisdiction over this matter, and that the Circuit Court of Fayette County, West Virginia proceed no further in the case.

Respectfully submitted,

**GADSDEN, GAILLARD, AND WEST LLC and
DENNIS EUGENE WEST,**

**By:  Spilman Thomas & Battle, PLLC**

*/s/ Gerald M. Titus III*
Gerald M. Titus III (WV Bar No. 9392)
David L. Yaussy (WV Bar No. 4156)
Joseph C. Unger (WV Bar No. 13699)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 (facsimile)
gtitus@spilmanlaw.com
dyaussy@spilmanlaw.com
junger@spilmanlaw.com

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

**THE COUNTY COMMISSION OF**
**FAYETTE COUNTY, WEST VIRGINIA,**

        **Plaintiff,**                          **Civil Action No.** 2:22-cv-449

*Ex Rel.***: ANTHONY CILIBERTI, ESQ.,**
**Fayette County Prosecuting Attorney,**

        **Relator,**

**v.**

**GADSDEN, GAILLARD, AND WEST LLC,**
 **a South Carolina Limited Liability Company;**

**&**

**DENNIS EUGENE WEST,**
**an Individual & Resident of South Carolina,**

        **Defendants.**

      I, Gerald M. Titus III, counsel for Defendants, hereby certify that on this 13th day of

October, 2022, I filed this **Notice of Removal,** with the Clerk of the Court using the CM/ECF

system, and that a copy of this document has been served upon the following by regular U.S. Mail:


                  Michael O. Callaghan, Esquire
                  Neely & Callaghan, PLLC
                  1377 Virginia Street East
                  Charleston, WV 25301
                  (304) 545-4794
                  ***Counsel for Plaintiff***


                  */s/ Gerald M. Titus III*
                  Gerald M. Titus III (WV State Bar # 9392)