**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,
*Ex Rel.* ANTHONY CILIBERTI, ESQ.,
*Fayette County Prosecuting Attorney*,

        Plaintiffs,

v.                                    CIVIL ACTION NO.   2:22-cv-00449

GADSDEN, GAILLARD, AND WEST, LLC,
*a South Carolina Limited Liability Company*,
and DENNIS EUGENE WEST, *an Individual
and Resident of South Carolina*,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Notice of Removal* (Document 1), the *Plaintiff's Motion for Remand* (Document 7), the corresponding *Memorandum in Support of Governmental Plaintiff's Motion for Remand* (Document 8), the *Defendants' Response in Opposition to Plaintiff's Motion to Remand* (Document 12), and all relevant materials.   After careful examination, the Court finds remand appropriate.

**FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On October 5, 2022, the County Commission of Fayette County filed this action in the Circuit Court of Fayette County, West Virginia, against Gadsden, Gaillard, and West, LLC, (GGW, LLC) and Dennis Eugene West.   (Document 1-1 at 175) (Compl.).   The Plaintiff alleges

that the Defendants have failed to timely provide the information requested under Fayette County Ordinance No. 2017-002.   The specific facts are alleged as follows:

On August 24, 2022, there was a hazardous materials spill event on Interstate 77 in Pax, Fayette County, West Virginia.   The spill was caused when a tractor trailer, owned and operated by the Defendants, crashed.   The tractor trailer was carrying at least 12,275 gallons of EMPIGEN® AS-F90, comprising an aqueous solution of alkyl dimethylamine, and a significant amount of the chemical spilled upon crashing.   (Compl. ¶¶ 2–3).   EMPIGEN® AS-F90 is classified as a hazardous material by the federal government.   (*Id.* at ¶4).

On September 15, 2022, the Plaintiff filed a complaint (hereinafter Abatement Complaint) alleging the spill constitutes a *per se* public nuisance and seeking to hold the Defendants liable for the response, abatement, damage assessment costs, and other related damages and relief. (Document 1-1 at 60–64).

On October 5, 2022, the Plaintiff filed a second complaint (hereinafter Civil Investigation Complaint). The Civil Investigation Complaint alleges that the Defendant has failed to produce information in violation of Fayette County Public Nuisance Investigation Ordinance No. 2017-002 (CIO).   On September 6, 2022, the Plaintiff submitted a Civil Investigation Demand No. 2022-005-01 (CID) to the Defendants.   (Document 1-1 at 247).   In the CID, the Plaintiff requested information related to the crash on August 24, including information regarding the subject hazardous material, GGW LLC's financial status and structure, the subject tractor trailer, and the Defendants' insurance policies.   (Document 1-1 at 259–63).   The CID was delivered on September 9, 2022.   (Document 1-1 at 265).   The CID stated that the Defendants had to produce the information by September 14, 2022.   (*Id.* at 248).   On September 19, 2022, the Defendants

had not fully responded, and the Plaintiff extended the response deadline to September 21, 2022. (Pl. Memo at 4).   The Defendants again did not timely respond, and the Plaintiff filed this action to enforce the CID.

The Defendants removed the Abatement Complaint on October 11, 2022.   (2:22-cv-00441).   The next day, the Defendants removed the Civil Investigation Complaint.   The removal of the Civil Investigation Complaint is at issue here.   The stated ground for removal was supplemental jurisdiction pursuant to 28 U.S.C. § 1367.   The Defendants state that "all of Plaintiff's claims arise from the same common nucleus of operative fact as another civil action filed by the same plaintiff against the same defendants."   (Rem. Not. at 2).   Namely, "without the accident and chemical release purportedly caused by the Defendants, neither the Abatement Case nor the Civil Investigation Case would exist."   (Def. Memo at 2).   The Plaintiff timely moved to remand the case pursuant to 28 U.S.C § 1447(c).

## APPLICABLE STANDARD

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[1]   It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter by a preponderance of the evidence.   *See Strawn et al. v. AT &T Mobility, LLC et*

---

[1]  Section 1441(a) states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

*al.*, 530 F.3d 293, 296 (4th Cir. 2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (Citation omitted).   Removal "should be 'fair to both plaintiffs and defendants alike' because the right of removal is 'at least as important as the plaintiff's right to the forum of his choice.'"   *Carter v. Hitachi Koki* U.S.A., Ltd., 445 F. Supp. 2d 597, 600 (E.D. Va. 2006) (citing *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir.1992)).   In deciding whether to remand a case, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction."   *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

## DISCUSSION

There is no dispute that the Court lacks original jurisdiction over the Civil Investigation Case.   The Defendants argue that, because the Abatement Complaint is subject to removal under diversity jurisdiction, the Civil Investigation Complaint can therefore be removed under supplemental jurisdiction.   (Rem. Not. at 4).   The Defendants argue that supplemental jurisdiction is appropriate because "without the accident neither the Abatement Case nor the Civil Investigation case would exist."   (Def. Memo. at 2).   More pointedly, it is argued that the Plaintiff could not issue the CID unless it had a "reasonable basis to believe that a Public Nuisance exists, or may exist, within Fayette County."   (Def. Memo. at 2).   The Plaintiff argues that remand is appropriate because, even though the cases share the same causal event, each case is brought under a different ordinance, requests different relief, and involves different questions of fact.   (Pl. Memo. at 5–6).   Due to each case involving different questions of fact, the Plaintiff argues that

there is no common nucleus of operative fact, therefore making supplemental jurisdiction inappropriate.

Both the Plaintiff's and Defendants' arguments largely miss the more straightforward issue that supplemental jurisdiction is not an appropriate ground for removal.   28 U.S.C. § 1367(a) states:

> [I]n any civil action of which the district courts have *original* jurisdiction, the district courts shall have supplemental jurisdiction over all other *claims* that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

(Emphasis added).   Removal is only available to an action in "which the district courts of the United States have *original* jurisdiction."   28 U.S.C. § 1441(a) (emphasis added).   When read in combination, 28 U.S.C. § 1367 and 28 U.S.C. § 1441(a) make clear that supplemental jurisdiction is not an appropriate ground for removal.   Section 1367 states that supplemental jurisdiction does not constitute original jurisdiction,[2] and only actions with original jurisdiction can be removed under § 1441.   Otherwise stated, supplemental jurisdiction is not "an independent source of removal."   *Mot. Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (8th Cir. 2003); *see also Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996); *Vick v. Nash Hosps., Inc.*, 756 F. Supp. 2d 690, 693 (E.D.N.C. 2010); *Mutual Automobile Insurance State Farm Company v. John/Jane Doe et.al* 2009 WL 2524749 (S.D.W. Va Aug 17, 2009).

---

[2] Rather, supplemental jurisdiction allows a court to hear claims that otherwise lack original jurisdiction.   See also *City of Chicago v. Intl. College of Surgeons*, where original and supplemental jurisdiction are discussed as distinct jurisdictional grounds.   522 U.S. 156, 167 (1997) ("[h]aving thus established federal jurisdiction, the relevant inquiry respecting the accompanying state claims is whether they fall within a district court's supplemental jurisdiction, not its original jurisdiction.")

Additionally, the language of § 1367(a) stating that "the district courts shall have supplemental jurisdiction over all *other* claims that are so related to claims *in* the action" indicates that supplemental jurisdiction extends jurisdiction to other claims in an action with original jurisdiction.  The Civil Investigation Complaint initiated a distinct *case*, and not a *claim* within the Abatement Case.  Assuming the Abatement Case is properly removed via diversity jurisdiction, original jurisdiction in one case cannot be used to bootstrap removal in another distinct, but factually similar, case.  *Wallin v. Buzzell,* 3:09CV796, 2010 WL 11606287, at *1 (E.D. Va. Jan. 21, 2010); *Trexler v. Richland County Humane SPCA*, 5:09-02173-RBH, 2009 WL 3446764, at *2 (D.S.C. Oct. 20, 2009); *Briddelle v. T & J Foods, Inc.*, 18 F. Supp. 2d 611, 612 (D. Md. 1998).

The Defendants cite two cases to argue the proposition that just because "the Plaintiff brought these claims in two different lawsuits does not relinquish the court of supplemental jurisdiction"—*Greiner v. Columbia Gas Transmission Corp.* and *Alderman v. Pan Am World Airways*.  In *Greiner v. Columbia Gas Transmission Corp.*, the court retained jurisdiction after the dismissal of the claims that granted original jurisdiction.  41 F. Supp. 2d 625, 627 (S.D.W. Va. 1999) (Haden, C.J.).  Although the jurisdictional claims were dismissed due to a separate bankruptcy proceeding, the court was not consolidating two *cases*, but retaining supplemental jurisdiction to adjudicate the remaining *claims* in a liability action.  *Id.* at 628.  In *Alderman v. Pan Am World Airways* the court used supplemental jurisdiction to retain and resolve a dispute over a fee award between the plaintiff and her attorney.  *Alderman v. Pan Am World Airways*, 169 F.3d 99, 102 (2d Cir. 1999).  The court in *Alderman* was not consolidating a completely distinct

case but was resolving the enforceability of a fee award in an underlying suit.[3]   Neither *Greiner* nor *Alderman* alter the clear rule that supplemental jurisdiction is not an appropriate ground for removal.

Accordingly, the Court **ORDERS** that *Plaintiff's Motion for Remand* (Document 7) be **GRANTED** and this case be **REMANDED** to the Circuit Court of Fayette County, West Virginia, for further proceedings.   The Court **ORDERS** that any pending motions be **TERMINATED as moot**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Fayette County, to counsel of record, and to any unrepresented party.

ENTER:        December 9, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] Additionally, the Court of Appeals for the Second Circuit had stated precedent extending supplemental jurisdiction "to hear fee disputes between litigants and their attorneys when the dispute relates to the main action."  *Cluett, Peabody & Co. v. CPC Acquisition Co.*, 863 F.2d 251, 256 (2d Cir.1988).   Here, the Civil Investigation case is not a fee dispute, nor is it a claim in an underlying action of original jurisdiction, rather, it is a separate case for violation of Fayette County Public Nuisance Investigation Ordinance No. 2017-002.