IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

THE COUNTY COMMISSION OF
FAYETTE COUNTY, WEST VIRGINIA,
*Ex Rel.* ANTHONY CILIBERTI, ESQ.,
*Fayette County Prosecuting Attorney*,

       Plaintiffs,

v.               CIVIL ACTION NO.   2:22-cv-00449

GADSDEN, GAILLARD, AND WEST, LLC,
*a South Carolina Limited Liability Company*,
and DENNIS EUGENE WEST, *an Individual
and Resident of South Carolina*,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

  The Court has reviewed the *Plaintiff's Motion for Fees and Costs* (Document 17), the corresponding *Plaintiff's Memorandum in Support of Its Motion for Fees and Costs* (Document 18), the *Defendant's Response in Opposition to Plaintiff's Motion for Award of Costs and Attorney's Fees* (Document 19), and all attached exhibits.   For the reasons stated herein, the Court finds that the Plaintiff's motion should be granted in part and denied in part.

  The Defendants asserted supplemental jurisdiction as the basis for their removal of this case.  The Plaintiff moved for remand, asserting that this case lacked a common nucleus of operative fact with the pending case, which was removed pursuant to federal diversity

1

jurisdiction.[1]  The Court concluded that supplemental jurisdiction is not a proper ground for removal, given removal is only available for actions possessing original jurisdiction.

The Plaintiff seeks an award of attorney fees incurred because of the removal, arguing that the Defendants lacked an objectively reasonable basis for removal.  The Plaintiff claims $10,537.50 based on an hourly rate of $795 and 13.3 hours counsel spent researching and briefing the motion to remand.

The Defendants argue that their basis for removal was reasonable because they relied on *Greiner v. Columbia Gas Transmission Corp.*, 41 F. Supp. 2d 625 (S.D. W. Va. 1999) and *Alderman v. Pan Am World Airways*, 169 F.3d 99 (2d Cir. 1999) for the proposition that supplemental jurisdiction can be an adequate ground for removal.  Alternatively, even if the Court awards fees, the Defendants argue that the Plaintiff's requested hourly rate is excessive and should be reduced to $400 or lower.  The Plaintiff did not submit a reply.

## AWARDING FEES

28 U.S.C. §1447(c) provides: "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court has held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  The Court went on to explain:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter when the statutory criteria are satisfied.

---

[1] *The County Commission of Fayette County, West Virginia, et al v. Gadsden, Gaillard, and West LLC et al* (2:22-cv-00441).

2

*Id.* at 140.

The Fourth Circuit has added that a showing of bad faith is not a prerequisite for an award of attorney's fees under § 1447(c), and a fee award is appropriate where "a cursory examination . . . would have revealed a lack of federal jurisdiction." *In Re Lowe,* 102 F.3d 731, 733 n. 2 (4th Cir. 1996) (citing *Husk v. E.I. Du Pont De Nemours & Co.*, 842 F.Supp. 895, 899 (S.D.W. Va.1994)).

The Court finds that the Defendants lacked an objectively reasonable basis for removal. 28 U.S.C. § 1441(a) clearly states that removal is only available when "the district courts of the United States have original jurisdiction." The Defendants never argued that this Court had original jurisdiction over this case, but rather solely argued that supplemental jurisdiction made removal appropriate. A cursory examination of the language of 28 U.S.C. § 1441(a) would reveal that supplemental jurisdiction is not a proper ground for removal.

The Defendants' reliance on *Greiner v. Columbia Gas Transmission Corp.* and *Alderman v. Pan Am World Airways* is misplaced. A review of *Greiner*'s procedural posture reveals that supplemental jurisdiction was being used to retain jurisdiction after claims creating original jurisdiction were dismissed due to bankruptcy, not as grounds for removal. 41 F. Supp. 2d 625, 627–28 (S.D.W. Va. 1999) (Haden, C.J.) ("although the Court has dismissed the claims which granted original jurisdiction, the Court declines to remand the case"). In fact, 28 U.S.C. § 1441(a) is nowhere discussed in *Greiner*. *Id.* A review of *Alderman* reveals that the case dealt with the resolution of a fee dispute springing from an order in an underlying federal suit, not the use of supplemental jurisdiction to justify removal of a distinct claim. 169 F.3d 99, 102 (2d Cir. 1999). Neither of these cases fairly contemplate the principle that the Defendants articulate, or remotely

3

deal with similar factual scenarios. Therefore, the Court finds that it is appropriate to award the Plaintiff attorney fees to defray the costs associated with the improper removal.

## AMOUNT OF AWARD

When considering motions for attorneys' fees available by statute, the Supreme Court has instructed that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This starting calculation is referred to as the lodestar amount. *Grissom v. The Mills Corp.*, 549 F.3d 313 (4th Cir. 2008). To determine the reasonable hourly rate, "[i]n addition to the attorney's own affidavits the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990); *see also Robinson v. Equifax Info. Services, LLC*, 560 F.3d 235, 244 (4th Cir. 2009); *National Wildlife Federation v. Hanson*, 859 F.2d 313 (4th Cir.1988); *Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). If the fee applicant fails to produce sufficient specific evidence the court may look to outside evidence including "previous awards in the relevant marketplace." *Newport News Shipbuilding and Dry Dock Co. v. Holiday*, 591 F.3d 219, 228 (4th Cir. 2009).

The Court of Appeals for the Fourth Circuit has provided further guidance on the calculation of reasonable attorneys' fees and has established twelve factors that a district court should consider when calculating reasonable attorneys' fees. These factors are known as the *Johnson* factors and are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the

4

> attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Grissom*, 549 F.3d at 321.

The Plaintiff, in support of the requested fee award, provides (1) a breakdown of hours spent on this piece of litigation, (2) the fact that the Fayette County Commission has agreed to support an award fee of $795/hour in a retainer agreement, (3) an order from 2022 awarding the Plaintiff's counsel a fee award at a $500/hour rate for prevailing under the Fayette County Public Nuisance Civil Investigation Ordinance No. 2017-02, and (4) an order from 2022 awarding the Plaintiff's counsel a fee award at a $480/hour rate as a sanction of the opposing party's deposition misconduct.

The Court agrees that the claimed rates of the Fayette County Commission's counsel are not reasonable under these circumstances. Accordingly, the Court finds a reduction is appropriate. The sole piece of evidence that the Plaintiff provides to justify a $795/hour rate is an agreement that the Plaintiff supports such an award for its counsel. Such evidence cannot satisfy the Plaintiff's burden to show that $795/hour is the "prevailing market rate[] in the relevant community." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990). In fact, the $795 rate does not reflect what counsel is charging the Plaintiff. It only reflects what the Plaintiff has agreed to support in light of a fee award.

Although removal jurisdiction, and specifically this remand issue, is hardly a specialized or complex area of law, the Plaintiff chose its representation based on the nature and complexity

5

of the underlying environmental and nuisance law. The Plaintiff's attorney, Michael Callaghan, is experienced in this area of the law and carries additional experience gained during his thirty-one years as an attorney. Therefore, the Court finds that a lower rate of $550 is reasonable and appropriate for the lodestar calculation under these circumstances. *See Active Resources, Inc. v. Hagewood,* 2:22-CV-00172, 2022 WL 10177688, at *4 (S.D.W. Va. Oct. 17, 2022) (Berger, J) (approving rates of $495 (for experienced counsel) to $310 (for less experienced counsel) for fees awarded in complex removal case with changing legal questions); *Lockhart v. Dolgencorp, LLC,* 5:18-cv-01296, 2019 WL 3211264 (S.D.W. Va. 2019) (Berger, J) (approving a $325/hour rate fees for an attorney with approximately 20 years of experience when removal was untimely); *Gabe v. Dolgencorp, LLC,* 5:17-cv-04380, 2018 WL 5985687 (S.D.W. Va. 2018) (Berger, J) (approving rates of $425/hour and $300/hour for fees awarded when removal was inappropriate due to insufficient amount in controversy); *Harms v. Ditech Financial LLC,* 5:17-cv-03981, 2018 WL 3945616 (S.D.W. Va. 2018) (Berger, J) (approving a $290/hour rate award when removal was inappropriate due to insufficient amount in controversy); *see also Johnson v. Ford Motor Co.*, No. 3:13-CV-06529, 2018 WL 1440833, at *5 (S.D.W. Va. Mar. 22, 2018) (Eifert, M.J.) (providing a review of recent fee awards in this district and concluding that prevailing rates for attorneys range from $150 to $550).

The reduced rate of $550 is further supported by recent fee awards to the Plaintiff's counsel. *Courtland Company, Inc. v. Union Carbide Corp.*, No. 2:21-cv-00487 (Document 155) (S.D.W. Va. May 24, 2022) (Tinsley, J) (awarding a $480 rate for Mr. Callaghan's fees in sanction of the opposing party's deposition misconduct); *County Commission of Fayette County v. Continental*

6

*Insurance Co.*, No. 21-C-56 (Cir. Ct. Fayette Co. Jan. 24, 2022) (awarding a $500 rate for Mr. Callaghan's fees as an award in complex environmental nuisance suit).

The Defendants do not dispute the reasonableness of the time spent on this litigation. The Court finds no basis for a ruling to the contrary. Accordingly, the Court finds that the Plaintiff is entitled to a fair and reasonable attorney fee award of $7315 ($550/hour x 13.3 hours).

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Fees and Costs* (Document 17) be **GRANTED** inasmuch it awards the Plaintiff attorney fees in the amount of $7,315 and otherwise **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:     January 25, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA